IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|   |   |   |
|---|---|---|
| IN RE: DAIMLERCHRYSLER AG | : | |
| SECURITIES LITIGATION | : | Master File No. 00-993 (JJF) |
|   | : | |
|   | : | |

**[PROPOSED] ORDER APPROVING LEAD PLAINTIFFS'
MOTION TO CONDUCT A DISTRIBUTION OF THE NET
SETTLEMENT FUND, AND FOR PAYMENT OF CERTAIN FEES
AND EXPENSES FOR SERVICES PROVIDED SINCE FEBRUARY 5, 2004**

WHEREAS, on September 29, 2003, Lead Plaintiffs and Defendants proposed a
settlement of the litigation involving DaimlerChrysler pursuant to the Stipulation of Settlement
(the "Stipulation");

WHEREAS, on October 6, 2003, this Court entered an order entitled Hearing Order,
preliminary approving the Settlement, as reflected in the Stipulation between Lead Plaintiffs and
Defendants;

WHEREAS, in a Final Judgment and Order of Dismissal, dated February 5, 2004, this
Court approved the Settlement as fair, reasonable and adequate;

WHEREAS, Class Members were required to submit a Proof of Claim in order to obtain
their share of the Net Settlement Fund;

WHEREAS, the Garden City Group, Inc. ("GCG") was retained as Claims Administrator
in connection with the Settlement;

WHEREAS, GCG has processed the Proofs of Claim;

WHEREAS, from November 1, 2004 through August 15, 2005, GCG has incurred fees
and expenses for the benefit of the Class in the amount of $431,633.17 (which fees have been
approved by the Lead Plaintiffs); and

WHEREAS, the Court, having considered the Affidavit of Jack R. DiGiovanni, Director
of Securities Operations for GCG, dated September 20, 2005 (the "DiGiovanni Affidavit") and
upon all of the prior proceedings heretofore had herein.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      This Order incorporates by reference the definitions in the Stipulation and all

terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3. Lead Plaintiffs' Motion to Conduct a Distribution of the Net Settlement Fund and for Payment of Certain Fees and Expenses is **GRANTED**.

4. The Net Settlement Fund shall be distributed to authorized claimants as set forth in the DiGiovanni Affidavit.

5. The fees and expenses of $431,633.17 incurred by GCG from November 1, 2004 to August 31, 2005 are approved for payment to GCG, the Claims Administrator, out of the Settlement Fund, as requested in the DiGiovanni Affidavit at ¶ 26, and shall be paid to GCG from the Settlement Fund immediately after entry of this Order.

6. Submission of any claim for participation in the Settlement, other than those previously filed with the Claims Administrator, is forever barred.

7. The Claims Administrator, the Settling Parties, counsel herein in any capacity in which they may act hereunder, and any employees or agents of the Claims Administrator, the law firms or the parties (including, without limitation, those employees who may furnish services in connection with the Settlement) shall not be liable for anything done or omitted to be done in connection with the Settlement and the administration thereof, except for their own knowing misconduct.

8. This Court retains jurisdiction over any further application or matter which may arise in connection with the Settlement.

9. There is no just reason for delay in the entry of this Order as a Final Order of the Court; immediate entry of this Order as a Final Order by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED

DATED: _____, 2005


_____
KENT A. JORDAN
UNITED STATES DISTRICT JUDGE


2